IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOARDS OF TRUSTEES OF THE TEXAS CARPENTERS AND MILLWRIGHTS HEALTH AND WELFARE FUND; AND THE CARPENTERS LABOR-MANAGEMENT PENSION FUND; | § § § § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. 5:18-cv-465 |
| REFINED GENERAL CONTRACTORS, LLC, | § § § | |
| Defendant | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund, hereinafter referred to as "Plaintiffs," or "Trust Funds," complain of and against Refined General Contractors, LLC hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION

1.      This is a cause of action by Trustees of an employee welfare benefit plan and an employee pension benefit plan to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay any delinquent employer contribution payments, interest and fees thereon.   This Complaint alleges that by failing, refusing or neglecting to submit to a full payroll audit as required under the respective Agreements and Declarations of Trust of Plaintiffs' Trusts in order to confirm accurate and timely payment and reporting of employer contributions, plus interest and liquidated damages thereon to the Plaintiffs'

1

Funds, Defendant violated a Collective Bargaining Agreement, the Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended. Plaintiffs, Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund, also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit to a payroll audit and based upon the results of that audit, remit all delinquent employer contribution reports and pay all delinquent employer contributions to Plaintiffs' employee welfare benefit plans and employee pension benefit plans, plus interest, liquidated damages, attorneys' fees and costs of court in order to prevent irreparable harm to the Funds and Defendant's employees and their beneficiaries and dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq.*), hereinafter called the "LMRA."

## JURISDICTION

2.      Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1132, 1145 and 1451]. Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question. Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce. Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendant.

## VENUE

3.      Venue properly lies within the Western District of Texas, San Antonio Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)].   Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4.      **Plaintiff, Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund**, ("Welfare Fund") is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].   The Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund is authorized to maintain a law suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)].   The purpose of the Texas Carpenters and Millwrights Health and Welfare Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute under the Collective Bargaining Agreements with the Carpenters and Millwrights Local Unions in the vicinity.   The Texas Carpenters and Millwrights Health and Welfare Fund maintains its office and is administered at Zenith American Solutions, 1300 South Meridian, Suite 125, Oklahoma City, Oklahoma 73108.

5.      **Plaintiff, Board of Trustees of the Carpenters Labor-Management Pension Fund** ("Pension Fund"), is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)].   The Pension Fund is a multiemployer plan within the

meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the Pension Fund is authorized to maintain a law suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)].  The purpose of the Pension Fund is to provide pension benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Carpenters and Millwrights Local Unions in the vicinity.   The Pension Fund maintains its office and is administered at Zenith American Solutions, 1300 South Meridian, Suite 125, Oklahoma City, Oklahoma 73108.

6.      **Defendant, Refined General Contractors, LLC**, is a company residing and doing business in San Antonio, Bexar County, Texas and doing business within the jurisdiction of Plaintiffs' Funds.   Refined General Contractors, LLC is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act and may be reached for service of process by serving its Registered Agent and President, Rene Munoz, at 5638 Ridge Run, San Antonio, Texas 78250 or 601 Cupples Road, San Antonio, Texas 78237.

## FACTS

7.      Defendant executed and delivered to the United Brotherhood of Carpenters Local Union 14 a written collective bargaining agreement dated effective February 8, 2013.   The collective bargaining agreement provides, *inter alia* for wages, benefits and working conditions. The collective bargaining agreement sets forth the obligations of Defendant to comply with the established Plaintiffs' Trust Funds wherein Defendant promised to comply with the terms and conditions as set forth therein.   The negotiated contracts between the Plaintiffs' Trust Funds and Defendant provide for certain monetary contributions being paid into the Plaintiffs' Trust Funds

and are more specifically set forth in the respective Declarations of Trust and all amendments thereto.

8.      The Trust Funds named herein are express trusts created under Agreements between the Union and various employers and employer associations in the carpentry and millwright industries as Employer.  The Trust Funds were created and now exist subject to the provision of ERISA Sections 1001, *et seq*.

9.      The Trust Fund Agreements provide for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time.

By these agreements, Defendant promised that in the event any of the monthly contributions were not paid when due, or based upon a random sampling of contributing employers, Defendant would pay Plaintiffs on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

10.     That by the terms of the Trust Agreements for Plaintiffs' Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreements.  That Defendant agreed to deposit health benefit contributions each month, or at such regular intervals as may be determined by the Trustees of the Funds to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

11.     That Defendant breached its agreement with Plaintiffs by failing and refusing to submit requisite and timely payroll records despite repeated requests in writing since at least December 13, 2016.

12.     Plaintiffs would further show that several demands have been made on Defendant to submit its payroll records and forms listing all of Defendant's employees working in covered employment – not just "union" employees.

13.     In order to confirm the accuracy of certain payments made and to account for those employer contributions not remitted to Plaintiffs' Trust Funds, a payroll audit of Defendant's books and records is necessary, which could result in Defendant's liability for a deficiency in the payment of employer contributions plus liquidated damages, interest and attorney's fees, as hereinafter alleged.

14.     That under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed twenty percent (20%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

15.     Plaintiffs are authorized to collect, on behalf of the Local Union sponsoring each of the Taft-Hartley employee benefit plans, working assessments and supplemental dues.  These monetary amounts have been contracted for by and between Defendant and the Local Unions of the Central South Carpenters Regional Council and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Funds for

distribution to the Local Union.   Defendant's failure to submit to a payroll audit thwarts Plaintiffs' efforts to verify payments of working assessments and supplemental dues for the period February 8, 2013 through the present.

16.   Plaintiffs may be owed additional sums and cannot state with particularity the total amount of contributions due from the date of this Complaint going forward since Defendant failed to submit to a payroll audit in a timely and accurate manner.   Plaintiffs rely on payroll audits to verify that employer contributions are accurate and adequate for providing benefits to Defendant's employees and dependents.

17.   There exists no prompt or adequate remedy at law to redress the violation of ERISA as set forth herein above.

18.   It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP, for the purpose of enforcing the payroll audit requirements of the Plaintiffs' Trusts and ultimately for recovering the employer contributions and damages required by the above-referenced agreements and seeking injunctive relief and Plaintiffs are entitled to actual attorney's fees in connection therewith.   In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trusts is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

19.   Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

20.     A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendant, as follows:

a.     Plaintiffs shall be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period January 1, 2015 through the date of the audit.

b.     That upon completion of the payroll audit of Defendant's payroll records, Plaintiffs shall be entitled to the full amount due and owing the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund;

c.     That Plaintiffs be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d.     That Plaintiffs be awarded accrued pre-judgment interest on all unpaid contributions, calculated to be due as a result of the payroll audit, at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

e.     That Plaintiffs be awarded liquidated damages on all employer contributions calculated to be due as a result of the payroll audit and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts' Agreements, in an amount not to exceed 20% of the contributions due;

f.     That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions, calculated to be due as a result of the payroll audit, to the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund;

g.     That an Order permanently enjoining Defendant and its agents, directors, officers, successors and assigns, for so long as it remains obligated to contribute to Plaintiffs Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund from failing, refusing or neglecting to submit monthly employer contribution

payments and monthly reports in a timely manner and to cooperate in payroll audits as required by contract;

h.      That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i.      That Plaintiffs be awarded all costs of Court incurred herein; and

j.      That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

    /s/ Douglas M. Selwyn
Douglas M. Selwyn
State Bar No. 18022250
dselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002