IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOARDS OF TRUSTEES OF THE TEXAS CARPENTERS AND MILLWRIGHTS HEALTH AND WELFARE FUND; AND THE CARPENTERS LABOR-MANAGEMENT PENSION FUND, | § § § § § | |
| | § | CIVIL ACTION NO. 5:18-cv-00465-XR |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| REFINED GENERAL CONTRACTORS, LLC, | § § § § | |
| *Defendant.* | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Default Judgment (docket no. 12), filed on October 10, 2018. After careful consideration, the Court GRANTS Plaintiffs' motion.

## Background

Plaintiffs Boards of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund are trustees of an employee welfare benefit plan and an employee pension benefit plan. Compl. ¶ 1. Plaintiffs allege Defendant failed to pay employer contributions into the employee trusts and provide audits and reports pursuant to Defendant's collective bargaining agreement ("CBA") with the United Brotherhood of Carpenters Local Union 14. Compl. ¶¶ 7–11, 15–18. Starting in December 2016, communications allegedly broke down between Plaintiffs and Defendant; Defendant allegedly stopped sending reports of employee work hours despite Plaintiffs' requests that Defendant comply with reporting obligations. *Id*. at ¶ 11.

1

From June 2017 through January 2018, Plaintiffs allege that Defendant failed to make payments into the employee benefit trusts, despite employees covered by the trusts working for Defendant during this period. Affidavit of Lezlee Wall ¶ 4. Plaintiffs allege this failure to pay contributions to the employee benefit trusts violated the CBA as well as the Employee Retirement Security Act of 1973 ("ERISA"). Compl. ¶ 1.

Plaintiffs filed a complaint against Defendant Refined General Contractors, LLC on May 16, 2018. Docket no. 1. This complaint asked that the Court require Defendant to produce employment records and, then, a damages award based on Defendant's obligations as revealed by these records. *Id*.

Plaintiffs properly served Defendant on or about August 21, 2018. Docket no. 7. Defendant did not answer or otherwise respond. The District Clerk filed an entry of default against Defendant on October 11, 2018. Docket no. 10. The Court filed a show cause order instructing Plaintiff to file a motion for default judgment by December, 1, 2018. Docket no. 11 at 2. Plaintiffs complied with the Court's filing deadline. On November 26, 2018, Plaintiffs filed the Motion for Default Judgment now before this Court. Docket no. 12.

Since Defendant has not provided its employment records, Plaintiffs now seek a damages reward at this stage based on reasonable estimates of Defendant's delinquent payments. The plans seek reimbursement for the delinquent payments, interest, liquidated damages, attorney fees, and court costs.

## Discussion

Rule 55(a) provides that a default judgment is proper when a party against whom affirmative relief is sought has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). However,

in considering any motion for default judgment, the Court must examine jurisdiction, liability, and damages.

**A.     Jurisdiction**

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). This Court is specifically conferred subject matter jurisdiction under 29 U.S.C. § 1132(e). The Court also has federal question subject matter jurisdiction under 28 U.S.C. § 1331. The Complaint alleges Defendant availed itself of this Court's jurisdiction by working and doing business within this Court's jurisdiction; therefore, this Court has personal jurisdiction over Defendant. Compl. ¶ 2.

**B.     Liability**

With regard to liability, the entry of default causes all well-pleaded allegations of fact related to liability to be deemed admitted. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–525 (5th Cir. 2010). Although the Court must accept these allegations as true, the default alone does not warrant entry of default judgment; the Court retains the burden of ascertaining whether the well-pleaded facts state a claim for which relief may be granted. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that, "despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"; rather, "[t]here must be a sufficient basis in the pleadings for the judgment to be entered"); *Tyco Fire & Sec., LLC v. Alcocer,* 218 Fed. App'x 860, 863 (11th Cir. 2007).

Thus, before awarding damages to Plaintiffs, the Court must determine if the pleadings "taken as true due to the default, actually state a substantive cause of action," and whether the relief sought has a "sufficient basis in the pleadings." *Id.* Whenever an employer enters into a collective bargaining agreement requiring it to make contributions to a multiemployer plan, the employer shall comply with the contribution provision to the extent not inconsistent with law. 29 U.S.C. § 1145. A multiemployer plan may bring a civil action under 29 U.S.C. 1132(g) to enforce 29 U.S.C. § 1145.

A plan suing under 29 U.S.C. § 1332(g) is entitled to unpaid employer contributions, interest on the contributions, liquidated damages, reasonable attorney fees, and court costs. *See IBEW-NECA Southwestern Health and Benefit Fund v. Heritage Specialties*, Inc., 2003 WL 21673487, at *1 (N.D. Tex. 2003). Congress intended this cause of action to allow trustees of plans to recover delinquent contributions expeditiously. *See Louisiana Bricklayers & Trowel Trades Pension Fund & Welfare Fund v. Alfred Miller General Masonry Contracting Company*, 157 F.3d 404, 408 (5th Cir. 1998). Accordingly, the law recognizes very few circumstances justifying an employer's noncompliance with a CBA that requires timely contributions to employee benefit plans. *See id.* (acknowledging only three defenses to delinquency actions, namely, (1) illegality of pension contributions, (2) the CBA was void, or (3) employees decertified their union).

Plaintiffs allege Defendant was delinquent in paying its contributions. Compl. ¶ 18. Specifically, Plaintiffs allege Defendant failed to pay its required contributions from June 2017 through January 2018. Affidavit of Lezlee Wall ¶¶ 6–7. Viewing these assertions as admitted by Defendant, Plaintiffs have stated a cause of action to recover delinquent payments owed to an employee benefits trust created pursuant to a CBA. 29 U.S.C. § 1132(g).

**C.     Damages**

Rule 54(c) states that

> [a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in party's pleadings.

FED. R. CIV. P. 54(c).

Plaintiffs seek a default judgment for the sum of $ 77,300.90. Docket no. 12 at 2. As stated earlier, this sum includes the outstanding principal of delinquent payments, interest, liquidated damages, attorney fees, and courts costs. Plaintiff's requests are consistent with the kinds of remedies sought in the complaint. Compl. ¶ 20(b)–20(j). Plaintiffs admit uncertainty, however, as to the amount owed by Defendant, given that Plaintiffs have not had access to Defendant's records. *See* Compl. ¶ 16 (explaining the amount owed by Defendant cannot be stated with particularity because Defendant failed to send payroll audits).

Damages may not ordinarily be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Plaintiffs presented the sworn testimony of their Administrative Agent in support of their damages claim. Affidavit of Lezlee Wall ¶ 1. Although Defendant has not supplied the Court with records of the exact employee contributions owed, Plaintiffs have provided the monthly contribution records for May 2016 through May 2017. *Id*. at ¶ 7. Plaintiffs averaged these previous monthly contributions and reached the estimated sum of $6,622.90 owed per month from June 2017 to January 2018. *Id*. at ¶ 6.

Other district courts in delinquent payment cases in which employer payroll records were unavailable have accepted similar affidavits that average the contributions made in the months

preceding the delinquency period. *Trustees of the Plumbers & Pipefitters Local Union No. 286 Health & Welfare Fund v. Hobson*, 2017 WL 2960800, at *2 (E.D. Tex. 2017) (ascertaining damages for delinquent payments to employee trusts on the basis of an administrative agent's testimony as to the average employer contributions for previous months); *Bricklayers & Trowel Trades Int'l Pension Fund v. Barron,* 317 F. Supp. 3d 157, 162 (D.D.C. 2018) (holding that without employee working hour reports from defendant, plaintiffs were "entitled to judgment based on reasonable estimates of hours worked by employees in covered employment"); From these averages, courts can ascertain the proper measure of damages. In this case the Court finds the affidavits sufficient for calculating damages. Therefore, the Court has decided a hearing is unnecessary in this case.

The total value of delinquent monthly payments is $52,983.20, which is calculated by multiplying the average monthly payment of $6,622.90 by the eight months in the delinquency period. *Id*. at Affidavit of Lezlee Wall ¶ 7. Plaintiffs also seek interest at the rate of 1% per month and liquidated damages on the principal of 20% per annum. *Id*. at ¶ 9. The amount of liquidated damages is $10,596.64. *Id*. at ¶ 10. Plaintiffs request interest in the sum of $7,682.57. *Id*.

Finally, Plaintiffs seek $5,561.50 in attorney's fees and $477 in costs. *Id*. The request, however, does not comply with the local rules. If Plaintiffs wish to pursue attorney fees and costs, Plaintiffs shall file an application in the manner prescribed by Local Rule 7(j) and Local Rule 54 within fourteen days of the issuance of judgment. The Court awards Plaintiffs the sum of $71,262.40, including the delinquency sum, interest, and liquidated damages, but excluding attorney fees and costs.

**Conclusion**

Plaintiffs' Motion for Default Judgment (docket no. 12) is GRANTED. Judgment shall issue separately according to Rule 58.

It is so ORDERED.

SIGNED this 30th day of January, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE