IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOARDS OF TRUSTEES OF THE TEXAS CARPENTERS AND MILLWRIGHTS HEALTH AND WELFARE FUND; AND THE CARPENTERS LABOR-MANAGEMENT PENSION FUND, | § § § § § | |
| | § | CIVIL ACTION NO. 5:18-cv-00465-XR |
| *Plaintiffs*, | § § § | |
| v. | § § | |
| REFINED GENERAL CONTRACTORS, LLC, | § § § | |
| *Defendant*. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion for Attorney's Fees (docket no. 16) and brief in support (docket no. 17), filed on February 13, 2019. Defendant did not respond. After careful consideration, the Court GRANTS IN PART Plaintiffs' motion.

Plaintiffs Boards of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund and the Carpenters Labor-Management Pension Fund are trustees of an employee welfare benefit plan and an employee pension benefit plan. They filed a complaint against Defendant Refined General Contractors, LLC on May 16, 2018, alleging Defendant violated the Employee Retirement Security Act of 1973 ("ERISA") and a collective bargaining agreement by failing to pay required contributions to employee benefit trusts. Docket no. 1. Defendant did not answer or otherwise respond, and the Court granted Plaintiff's Motion for Default Judgment on January 30, 2019. Docket no. 15.

1

Plaintiff's Motion for Default Judgment also sought attorney's fees, but the Court denied Plaintiffs' fee request at that time because it did not comply with the local rules. *Id.* at 6. The Court stated that "[i]f Plaintiffs wish to pursue attorney fees and costs, Plaintiffs shall file an application in the manner prescribed by Local Rule 7(j) and Local Rule 54 within fourteen days of the issuance of judgment." *Id.*

Local Rule 7(j) provides details the following requirements for attorney's fees motions in this Court:

> Counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees prior to making application. The application shall certify that such a conference has occurred. If no agreement is reached, the applicant shall certify the specific reason why the matter could not be resolved by agreement. The motion shall include a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable. Such application shall also be accompanied by a brief memo setting forth the method by which the amount of fees was computed, with sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct. The request shall include reference to the statutory authorization or other authority for the request.

Plaintiffs timely filed the Motion for Attorney's Fees (docket no. 16) now before the Court, and Defendant did not respond. Plaintiffs are entitled to attorney's fees because, under ERISA, "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132.

Despite the Court's express warning that any attorney's fee motion must comply with the local rules, however, Plaintiffs' motion does not "include a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the

particular activity or project." Instead, Plaintiffs' counsel lists examples of tasks completed while prosecuting this case and states that "Douglas M. Selwyn spent approximately 15 hours and charged the prevailing rate of $365 per hour [and] Ashley L. Selwyn spent approximately 20 hours and charged the prevailing rate of $240 per hour." Docket no. 17 at 3. The motion includes two invoices listing counsel's rates, hours, and resulting fees, but these invoices give no indication as to how counsel spent the hours listed. Docket no. 16-1.

Local Rule 1(e) allows a judge to waive any requirement of the rules "regarding the administration of that judge's specific docket." Courts in this district and elsewhere have waived failures to comply with local rules where, for example, the rules' purposes are served. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 452 (W.D. Tex. 2010) ("While careful attention to and thorough compliance with local rules is critical to successful practice in the Court, and while motions may be struck for failure to comply with local rules, the purposes of Local Rule CV–7(i) were achieved here.").

Here, the Court declines to waive Plaintiffs' procedural defects, but grants attorney's fees in the amount of $5,475 as reasonable. The Court arrives at this figure by multiplying Douglas Selwyn's stated hours by his stated rate. Douglas Selwyn's experience and assessment of this case, as detailed in his affidavit (docket no. 17-5), satisfies the Court that his requested fees are reasonable. Plaintiffs' motion, however, makes no mention of Ashley Selwyn's qualifications, experience, or contributions to this case. The Court thus cannot determine whether her hours or rates were reasonable. Further, Douglas Selwyn's affidavit states that "[o]ne attorney rendered services on behalf of the Plaintiffs in this case." Docket no. 17-5 at 2. Thus, the Court will award fees for one attorney—Douglas Selwyn. As reduced, these fees are reasonable, given that this case was won merely by default judgment.

Accordingly, Plaintiffs' Motion for Attorney Fees (docket no. 16) is GRANTED IN PART. Plaintiff's counsel is awarded $5,475 in attorney's fees.

It is so ORDERED.

SIGNED this 1st day of March, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE